JDGE BRIEANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD VACCARIELLO on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>XM SATELLITE RADIO INC.,<br><br>Defendant. | **'08 CIV 5336**<br><br>Index No._____<br><br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, individually and on behalf of all others similarly situated, by his attorneys, alleges the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based upon personal knowledge:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against XM Satellite Radio Inc. ("XM", the "Company" or "Defendant") on behalf of himself and a class consisting of all other citizens of the State of New York who contracted with XM for satellite radio services during the past six years, and whose contracts were renewed without prior written notice of the automatic renewal between fifteen and thirty days prior to the renewal (the "Class"). XM automatically renews its service contracts without giving customers notice as required by New York General Obligations Law, §5-903.

## JURISDICTION AND VENUE

2.      Jurisdiction is proper pursuant to 28 U.S.C. §1332(d)(2). Plaintiff is a citizen of the State of New York and Defendant XM is incorporated in the state of Delaware with its

Doc. 160787

corporate headquarters in Washington D.C. Upon information and belief, the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

3.      New York law governs the claims asserted herein.

4.      Defendant XM is the sole defendant from whom relief is sought and its alleged conduct forms the basis for the claims asserted by the Class.

5.      Venue is proper in this Court because Plaintiff and many members of the class reside in the Southern District of New York. A substantial part of the events or omissions giving rise to the claims herein occurred in the Southern District of New York. XM has at all relevant times been doing business in the Southern District of New York and throughout the State of New York.

## THE PARTIES

6.      Plaintiff is a citizen of the State of New York and a resident of Westchester County. Plaintiff entered into a three year service contract with XM in April 2005.

7.      Defendant is incorporated in the state of Delaware and its principal offices are located at 1500 Eckington Place, NE, Washington, DC 20002-2194.

8.      Defendant is a publically traded, satellite radio service company (Nasdaq: XMSR). According to XM, it broadcasts from studios in Washington D.C., New York City, Nashville and Chicago, and offers 170 digital channels across the United States. XM has over 9.1 million subscribers who receive reception through vehicle, home and portable radios, as well as the Internet.

## SUBSTANTIVE ALLEGATIONS

9.      Plaintiff contracted with Defendant XM on April 3, 2005, for satellite radio

Doc. 160787

-2-

service for three years in his leased vehicle.

10.   In February 2008, Plaintiff's automobile lease expired and he delivered his automobile to the dealer.  Believing his XM service contract expired on April 3, 2008, Plaintiff did not renew or cancel his service contract.

11.   Plaintiff did not receive any notice from Defendant regarding automatic renewal of his XM service contract.

12.   On or about May 9, 2008, Plaintiff received a bill from XM for the amount of $359.64.

13.   Upon receipt of the bill, Plaintiff contacted XM, and told the representative that he did not renew his contract.  He was informed that XM had automatically renewed the contract.

14.   Plaintiff immediately cancelled his service on May 9, 2008.

15.   On or about May 15, 2008,  Plaintiff received a bill from XM for the amount $11.83 for service during the period from April 4, 2008 through May 10, 2008.

16.   Upon receipt of the bill, Plaintiff again contacted XM and requested that XM credit his account in the amount of $11.83.

17.   Defendant refused to credit Plaintiff the $11.83.

18.   Plaintiff paid the amount of $11.83 under protest on May 29, 2008, for fear of credit implications.  Plaintiff attached a letter to his payment, once again objecting to the charge of $11.83.

19.   Contrary to what is required by New York Law, Defendant does not notify Class members in writing that their service contracts will be automatically renewed.

20.   Plaintiff and the Class are entitled to recover the amounts charged beyond the

contract period to which they originally consented.

## CLASS ACTION ALLEGATIONS

21.    Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") on behalf of himself and the Class defined above as all citizens of the State of New York who contracted with XM for satellite radio services during the past six years, and whose contracts were renewed without prior written notice. Excluded from the Class are employees of XM and its affiliates, or any members of their immediate families.

22.    <u>Numerosity</u>: Members of the Class are so numerous that joinder of all members is impracticable. Plaintiff believes there are thousands of current and former XM subscribers who are members of the Class described above who have been damaged by XM's unlawful automatic renewal practices. The names and addresses of the members of the Class are identifiable through documents maintained by XM and the members of the Class may be notified of the pendency of this action by published, mailed and/or electronic notice.

23.    <u>Common Questions of Fact and Law</u>: The questions of law and fact common to the members of the Class which predominate over any questions which may affect individual Class members include, but are not limited to:

a)    Whether XM's failure to provide written notice to customers regarding its automatic renewal provision is a deceptive practice under New York General Business Law;

b)    Whether XM was unjustly enriched by plaintiff and members of the Class who continued to pay fees for service beyond the initial contract term;

c)    Whether XM violated New York General Obligations law by failing to notify Plaintiff and members of the Class of the automatic renewal provision;

d)    Whether XM breached service contracts with customers by extending the

Doc. 160787                                        -4-

contracts beyond the terms to which customers consented;

   e)  The measure of damages.

24. <u>Typicality</u>:  Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of each member of the Class, in that Plaintiff, as every member of the Class, was a customer of XM, did not receive written notice of automatic renewal of an XM service contract, and was charged amounts beyond the agreed-to terms of the original contract.  Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

25. <u>Adequacy</u>: Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in complex class action litigation and they intend to prosecute this action vigorously.  Plaintiff has no interests which conflict with those of the Class. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

26. XM has acted on grounds generally applicable to the Class, making relief appropriate with respect to Plaintiff and the members of the Class. The prosecution of separate actions by individual Class members would create a risk of inconsistent and varying adjudications.

27. <u>Superiority</u>: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

   a)  The joinder of thousands of individual members of the Class is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

   b)  The individual claims of the members of the Class now may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, expensive, if not totally impossible, to justify individual actions;

   c)  When Defendant's liability has been adjudicated, claims of all members of

the Class can be determined by the court and administered efficiently in a manner which is far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d)    This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of class claims to promote economies of time, resources, and limited pool of recovery;

e)    Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

f)    This class action will assure uniformity of decisions among members of the Class; and

a)    The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation.

## FIRST CAUSE OF ACTION
## VIOLATION OF NEW YORK GENERAL BUSINESS LAW
## §349: DECEPTIVE ACTS AND PRACTICES

28.    Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

29.    Defendant misleadingly and deceptively failed to provide written notice to its customers of its automatic renewal provision for its service contracts.

30.    Defendant's failure to notify customers of its automatic renewal provision constitutes a deceptive act and practice in the conduct of its business in violation of New York General Business Law § 349(a) and Plaintiff and the Class have been damaged thereby.

31.    Defendant fails to properly notify customers of its automatic renewal practice. This deceptive conduct is continuing and should be enjoined. There is no adequate remedy at law.

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT

32.    Plaintiff repeats and realleges each and every allegation contained in the foregoing

paragraphs as if fully set forth herein.

33.    Defendant renewed the service contracts of Plaintiff and members of the Class without providing them with prior notice.

34.    Defendant has been unjustly enriched by collecting charges for satellite radio service from Plaintiff and members of the class after the expiration of the original contract term.

## THIRD CAUSE OF ACTION
## EQUITABLE AND INJUNCTIVE RELIEF

35.    Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

36.    Plaintiff and Class members are being injured by XM's continuing unlawful conduct as described above.

37.    There is no adequate remedy at law.

38.    Such harm will continue as a result of Defendant's unlawful conduct unless injunctive relief is granted.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

**WHEREFORE,** Plaintiff, on behalf of himself and the Class, prays for judgment as follows:

(a)    declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class under Rule 23 of the FRCP;

(b)    for compensatory damages and restitution in the full value of all service charges XM improperly collected;

(c)    for the entry of preliminary and permanent injunctive relief against XM, directing

XM to correct its practices to comply with New York General Obligations Law § 5-903;

    (d)    awarding Plaintiff and the Class their costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiff's attorneys and experts, and reimbursement of Plaintiff's expenses; and

    (e)    granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 11, 2008

    WOLF POPPER LLP

    Lester L. Levy
    Michele F. Raphael
    Natalie M. Mackiel
    845 Third Avenue
    New York, New York 10022
    212.759.4600

    *Attorneys for Plaintiff and the Class*